1  DAN M. WINDER, ESQ.
   Nevada Bar No: 1569
2  3507 W. Charleston Blvd.
   Las Vegas, Nevada 89102
3  Telephone:    (702) 474-0523
   Facsimile:    (702) 474-0631
4  Attorney for Plaintiff

5

6  **DISTRICT COURT**

7  **CLARK COUNTY, NEVADA**

8  OLIVIA ELLIOTT,                    )    Case No.: 2:09-cv-00740-KJD-GWF
                                       )
9           Plaintiff,                 )
                                       )    **OPPOSITION TO DEFENDANT'S**
10  v.                                 )    **MOTION FOR SUMMARY**
                                       )    **JUDGMENT**
11  FIESTA PALMS, LLC, a Nevada limited )
    liability company, dba PALMS CASINO )
12  RESORT,                            )
                                       )
13          Defendant.                 )
    _____)

14

15         COMES NOW the Plaintiff, OLIVIA ELLIOTT, by and through her attorney of record, Dan

16  M. Winder, Esq., and hereby files her Opposition to Defendant's Motion for Summary Judgment.

17  This opposition is based upon the entire case file, the evidence attached hereto, and any oral

18  argument that may be brought forth at the time of the hearing on this matter.

           DATED this **7ᵗʰ** day of May, 2010.

19                                  By:     /s/ Dan M. Winder, Esq.
20                                          Dan M. Winder, Esq.
                                            Nevada Bar No. 001569
21                                          3507 W. Charleston Blvd.
                                            Las Vegas, Nevada 89102
22                                          Attorney for Plaintiff

23

24

25

26

27

28                                         1

# I.

## STATEMENT OF LAW

Summary Judgment, under Federal Rule of Civil Procedure 56, is only appropriate when there is no dispute as to a genuine issue of material fact. Jung v. FNC Corp., 755 F.2d 708 (9th Cir. 1985). An issue is "genuine" only if there is a sufficient evidentiary basis upon which a reasonable fact finder could find for the non-moving party. A dispute is "material" only if it could effect the outcome of the suit under the governing law. Furthermore, in deciding a motion for summary judgment, the Court must view the evidence in a light most favorable to the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact. See Zoslaw v. NCA Distrib. Corp., 693 F.2d 870 (9th Cir. 1982), cert denied 460 U.S. 1085 (1983). The non-moving party "may not only rely on denials in the pleadings but must produce specific evidence, through affidavits or admissable discovery material, to show that the dispute exists." Bhan v. Nne Hosp. Inc., 929 F.2d 1404 (9th Cir. 1991). The non-moving party must show that there is more than some metaphysical doubt as to the material facts. Matsushita LEC Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986). Furthermore, if direct evidence produced by the moving party conflicts with direct evidence produced by the non-moving party, the judge must assume the truth of the evidence set forth by the non-moving party with respect to that fact. T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n., 808 F.2d 626 (9th Cir. 1987). In fact, "... the trial court should review the records as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe." Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 136, 120 S. Ct. 2097, 2102 (2000).

Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge...the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor. See Anderson, 477 U.S. at 255, 106 S. Ct. at 513.

## II.

## PLAINTIFF HAS BROUGHT FORTH ENOUGH EVIDENCE TO PASS THE *McDONNELL-DOUGLAS* TEST ESTABLISHED BY THE SUPREME COURT

In the investigation conducted by the Defendant concerning the various poker room dealers, there were four people under investigation. Three of the four were over 40 and therefore, within the protected realm of ADEA protection. One individual, a male under 40, was too young to be covered under the provisions of the ADEA.

Two of the three individuals over age 40, Plaintiff and Neil DeYoung, were terminated as a result of Defendant's investigation. The third, Joe Delgadillo, was not fired, but this arguably occurred only after he discussed engaging in an attorney for what he perceived to be overreaching and/or overbearing conduct. Delgadillo was later terminated for what actions that he believes were, at least in part, derivative of this investigation and other alleged reasons brought forth by the Defendants.

The only individual who was not effected by this investigation was the individual not covered by the ADEA. As a result, of the four people that were subject to additional scrutiny pursuant to the poker room investigation conducted by the Defendant, the three that were over 40 were terminated and the one individual under the age of 40 was not terminated. As previously indicated, one of these individuals over the age of 40 was terminated sometime after the incident, although this individual believes the poker room investigation may have played an overall role in this individual's termination at a later time.

Under the *McDonnell Douglas* formula espoused by federal courts, a prima facie case under the indirect method of providing discrimination requires a Plaintiff to show that (1) he is a member of a protected class; (2) his job performance met his employer's legitimate expectations; (3) he suffered an adverse employment action; and (4) another similarly situated individual outside his protected class was treated more favorably. *Swearnigen-El v. Cook County Sheriff's Dept.,* _____ F.3d _____ (7th Cir. 2010) (citing *Burks v. Wis. Dept. of Transp.,* 464 F.3d 744, 750-51 (7th Cir.

1   2006)).  Plaintiff can meet these elements of the test.

2          First of all, Plaintiff has shown that she is a female, she is over the age of forty, and that she

3   is Hispanic.   Therefore, she has conclusively established that she is a member of these various

4   classes.

5          Next, Plaintiff has shown that her job performance has met her employer's legitimate

6   expectations.  Notwithstanding the alleged actions of Plaintiff concerning "under raking" or taking

7   "no take" that arose in the poker room investigation, Plaintiff had established herself as a model

8   employee that routinely met and *exceeded* her employer's legitimate expectations of someone in her

9   job position.  (See Exhibits "A" and "B," attached hereto and incorporated herein by this reference).

10         Third, Plaintiff clearly suffered an adverse employment action - she was terminated as a

11  result of the poker room investigation.

12         Finally, the individual younger than forty, who was outside of all of the protected classes of

13  Plaintiff, was treated more favorably.  He was not fired, and was the only individual that was more

14  heavily investigated in the poker room investigation that was not eventually terminated by

15  Defendant.

16         Defendant may claim that element two is not met, as they may claim that the results of the

17  poker room investigation caused Plaintiff to not meet her employer's legitimate expectations.

18  However, Plaintiff's exemplary prior work history, combined with a lack of progressive discipline

19  system imposed upon the Plaintiff, clearly belies this potential claim.  Defendant could have dealt

20  with this matter through some type of oral or written warning and/or remedial training to ensure that

21  Plaintiff understood its raking policy, but instead, chose to immediately terminate an individual who

22  had been a model employee for Defendant for many years.

23

24

25

26

27

28

                                                4

### III.

### PLAINTIFF'S INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM CAN WITHSTAND SUMMARY JUDGMENT

The Defendant, in its motion to dismiss, alleges that the Plaintiff has not met the elements of this cause of action.  However, Plaintiff clearly disagrees.

Assuming, arguendo, that Plaintiff's allegations are true concerning the Defendant.  In such a situation, the Defendant took what was a minor infraction, at most, and completely blew the importance of it out of proportion.  Then, literally accusing Plaintiff of "theft" and/or embezzlement as a result of Defendant's notion that "under raking" or taking "no rake" was a misappropriation of funds belonging to the Defendant, she was terminated for a reason that included this language.  Defendant gave Plaintiff no chance to remedy her behavior and no chance for any type of training or admonishment concerning "under raking" or taking "no rake," but instead, simply fired her.

If these allegations were actually proven in a court of law, not only would civil liability lie under various federal employment statutes being sued upon, but the Defendant could potentially be subject to punitive damages as well.  These types of actions brought forth in Plaintiff's allegations clearly are "extreme and outrageous" and "utterly intolerable" under the present circumstances.

The elements to be proven for "intentional infliction of emotional distress" include (a) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (b) the plaintiff's having suffered severe or extreme emotional distress, and (c) actual or proximate causation.  Mackintosh v. California Federal Sav. & Loan Ass'n, 113 Nev. 393 (1997).  Plaintiff clearly has shown the presence of the first element in that the Defendant, as previously indicated, completely blew this matter out of proportion, and then used the expanded importance of Plaintiff's acts as grounds to fire her.  Furthermore, Plaintiff clearly was affected by this conduct to a degree, which could be classified as "severe or extreme emotional distress," in that it affected her ability to function properly.

Plaintiff clearly has indicated she has incurred severe or extreme emotional distress as a result

1    of losing her job with Defendant. Therefore, the Plaintiff asks that the Judge DENY the Defendant's

2    Motion for Summary Judgment as to Plaintiff's intentional infliction of emotional distress claim.

3 **IV.**

4 **<u>CONCLUSION</u>**

5       Plaintiff asks that the Court DENY Defendant's Motion for Summary Judgment in its

6    entirety. Plaintiff clearly has shown that the Plaintiff discriminated against her based upon her age,

7    gender, and national origin. Furthermore, Plaintiff has brought forth sufficient evidence to show that

8    there is a "genuine issue of material fact" concerning her intentional infliction of emotional distress

9    cause of action. Therefore, Plaintiff should be allowed to proceed to trial on these causes of action.

10    DATED this __7th__ day of May, 2010.

11

12                By:     /s/ Dan M. Winder, Esq.

13                        Dan M. Winder, Esq.
                         Nevada Bar No. 001569
                         3507 W. Charleston Blvd.

14                          Las Vegas, Nevada 89102
                         Attorney for Plaintiff

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

## CERTIFICATE OF SERVICE

Pursuant to NRCP (5)(b), I hereby certify that I am an employee of the Law Offices of Dan M. Winder, P.C., and that on the __7ᵗʰ__ day of May, 2010, I caused the foregoing **OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** to be served as follows:

[X]   by placing a true and correct copy of the same to be deposited for mailing in the U.S. Main at Las Vegas, Nevada, enclosed in a sealed envelope upon which first class postage was fully prepaid; and/or

[ ]   pursuant to EDCR 7.26, by sending it via facsimile (w/o attachments); and/or

[ ]   by hand delivery

To the attorney(s) listed below:

Scott M. Mahoney, Esq.
Fisher & Phillips, LLP
3800 Howard Hughes Pkwy. #950
Las Vegas, Nevada 89169
***Attorney for Defendant***
Fax No.: (702) 252-7411

___/s/ Matthew J. Peirce_____
An employee of the Dan M. Winder, Esq.

# Exhibit A



# CELEBRITIES IN SERVICE AWARD

This certificate is awarded to

## OLIVIA ELLIOTT

as a winner of the
Celebrities in Service Award

George Maloof
President

Jim Hughes
Executive VP and General Manager

# Exhibit B



# 5 year Anniversary

## CONGRATULATIONS

### OLIVIA ELLIOTT

and thank you for five years
of dedicated
service and loyalty
to the Palms Casino Resort

Nov 15, 2006

PALMS