FISHER & PHILLIPS LLP
SCOTT M. MAHONEY, ESQ.
Nevada Bar No. 1099
3800 Howard Hughes Parkway
Suite 950
Las Vegas, NV 89169
Telephone: (702) 252-3131
Facsimile: (702) 252-7411

Attorneys for Defendant

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| OLIVIA ELLIOTT, | Case No.: 2:09-cv-00740-KJD-GWF |
| Plaintiff, | **REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| FIESTA PALMS, LLC, a Nevada limited liability company, dba PALMS CASINO RESORT, | |
| Defendant. | |

Defendant, Fiesta Palms, LLC dba Palms Casino Resort ("Palms"), by and through its counsel, Fisher & Phillips LLP, hereby replies to plaintiff's Opposition to Defendant's Motion for Summary Judgment (docket #21) (the "Opposition").

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Rule 56(e)(2) requires a party opposing a summary judgment motion to "set out specific facts showing a genuine issue for trial." Only admissible evidence is to be considered, and proper authentication of evidence is a prerequisite to admissibility. *Orr v. Bank of America,* 285 F.3d 764, 773 (9th Cir. 2002).

Through an extension, Elliott got 39 days to oppose Palms' Motion for Summary Judgment (the "Motion"). The Opposition consists of approximately three pages of what some might call substantive text, but this text is actually of no legal significance because it does not reference any properly-authenticated exhibits[1] and Elliott failed to provide a statement setting forth material issues which are factually in dispute, as required by Local Rule 56-1. Among other things, Elliott does not dispute that she was hired at age 56, subjected to no age-related comments, committed 19 rake policy violations, a male Caucasian employee was terminated for the same offense at the same time and a significant part of the Poker Room workforce is age 40 or older.

***Summary Judgment Is Appropriate On Elliott's
Various Discrimination Claims. Establishing A Prima
Facie Case, Which Elliott Did Not Do, Is Not Enough
To Avoid Summary Judgment, And The Merits Or
Fairness Of The Termination Decision Is Irrelevant.***

The Opposition claims Elliott has met the four elements of a *prima facie* claim of discrimination. As discussed at pages 5-7 of the Motion, she is wrong. However, even if Elliott established a *prima facie* case, that is not the end of the analysis. *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 148 (2000) [a "*prima facie* case, <u>combined</u> with sufficient evidence to find that the employer's asserted justification is false <u>may</u> permit the trier of fact to conclude that the employer unlawfully discriminated" (underlined emphasis added)].[2]

---

[1] The two documents that are attached are of no consequence. Exhibit A, if property authenticated, would establish only that at some point in her six-year career, Elliott was given a "Celebrities in Service Award," and Exhibit B is a form document congratulating Elliott for completing five years of service.

[2] *Reeves* is a directed verdict case. However, the standard for a directed verdict mirrors that of a summary judgment motion. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986).

- 2 -

LasVegas 84508.1

*(left margin: FISHER & PHILLIPS LLP, 3800 Howard Hughes Parkway, Suite 950, Las Vegas, Nevada 89169)*

Because Palms has articulated a legitimate, non-discriminatory reason for her termination – her serial violation of the rake policy – Elliott must produce specific and substantial evidence of pretext to survive summary judgment. *See, e.g., Vasquez v. County of Los Angeles,* 349 F.3d 634, 641-642 (9th Cir. 2004) (as amended); *Mondero v. Salt River Project,* 400 F.3d 1207, 1213 (9th Cir. 2005). Elliott has clearly failed to sustain this burden.

Page 3 of the Opposition contends "there were four (poker room dealers) under investigation," three of whom were 40 or older, thereby suggesting age played a role in the termination decision. There is no citation to the record to support that the investigation was so limited, and the Director of Surveillance, Mr. Sciulla, stated in his affidavit that "the Surveillance Department conducted a special observation . . . to determine whether the Poker Room dealers were following the rake guidelines" and that "[e]ach dealer was observed for a minimum of 30 minutes, and if multiple violations of the rake policy were noted on a particular dealer, further time was spent observing that dealer." [See, Ex. B to the Motion ¶2 (emphasis added)]. Mr. Sciulla did not state the surveillance was limited to four dealers, and as noted in the Motion, a dealer older than Elliott - Mr. Delgadillo - was not terminated because he had substantially fewer infractions.

Finally, page 4 of the Opposition argues termination was too harsh a disciplinary action for someone who was supposedly "a model employee" with an "exemplary prior work history." Even if Elliott had set forth specific facts establishing this was the nature of her prior work history, which she has not, the "quality of (the employer's) business judgment is only relevant insofar as it suggests (its) decisions were explainable *only* as the product of illegal discrimination."

LasVegas 84508.1

FISHER & PHILLIPS LLP
3800 Howard Hughes Parkway, Suite 950
Las Vegas, Nevada 89169

*Coghlan v. American Seafood Company*, 413 F.3d 1090, 1099 (9th Cir. 2005) (emphasis added) (citation omitted). If a termination decision is not the product of discrimination, its wisdom, correctness or fairness is of no concern to the court. *Diaz v. Eagle Produce Limited Partnership,* 521 F.3d 1201, 1214 n. 7 (9th Cir. 2008). Terminating an employee for 19 policy violations is not explainable only as a product of discrimination, making the merits of Elliott's termination irrelevant.

### *Elliott's IIED Claim Fails For Lack Of Extreme And Outrageous Conduct*

As the Motion noted, termination of employment, even for a discriminatory reason, does not generally constitute extreme and outrageous conduct. *Alam v. Reno Hilton Corporation,* 819 F.Supp. 905, 911 (D. Nev. 1993). Since Elliott cannot even establish a termination for a discriminatory reason, she clearly cannot establish the element of extreme and outrageous conduct and summary judgment is appropriate.

Respectfully submitted,

FISHER & PHILLIPS LLP


 Scott M. Mahoney, Esq.
SCOTT M. MAHONEY, ESQ.
3800 Howard Hughes Parkway
Suite 950
Las Vegas, Nevada 89169
Attorneys for Defendant

- 4 -

LasVegas 84508.1

## CERTIFICATE OF ELECTRONIC SERVICE

This is to certify that on the 1st day of June 2010, the undersigned, an employee of Fisher & Phillips LLP, electronically filed the foregoing Reply to Opposition to Motion for Summary Judgment with the U.S. District Court, and a copy was electronically transmitted from the court to the e-mail address on file for:

Dan M. Winder. Esq.


By: Lorraine James-Newman
An employee of Fisher & Phillips LLP

LasVegas 84508.1