# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

OLIVIA ELLIOTT,

    Plaintiff,

v.

FIESTA PALMS, LLC,

    Defendant.

Case No. 2:09-CV-00740-KJD-GWF

**ORDER**

    Presently before the Court is Defendant's Motion for Summary Judgment (#18). Plaintiff filed a response in opposition (#21) to which Plaintiff replied (#22).

I. Facts

    Plaintiff Olivia Elliott ("Elliott") was hired by Defendant Fiesta Palms, LLC, d/b/a Palms Casino Resort ("Palms") in 2001 at age 56. Elliott was hired as a Poker Room Supervisor and later requested a change to become a dealer in the poker room. On December 19, 2006, a memorandum ("the Memo") setting policy for "Rake Reductions" was issued to all poker room employees. The rake is the percentage of the pot that Palms keeps for itself. It is the only source of revenue for the Poker Room. The Memo allowed a reduction in the standard rake only if requested by a player and approved by a supervisor. Furthermore, the Memo required that some amount be taken as a rake. The policy remained in effect through 2007.

In November 2007, special observation of the Poker Room dealers was undertaken in order to ensure that rake policies were being followed.  Dealers were monitored for at least thirty minutes, unless multiple violations of policy were observed, leading to longer observation.  On November 14 and 16, 2007, Elliott was observed violating the rake policy nineteen (19) times.  Eventually, Elliott was terminated on November 21, 2007 for her violations of the rake policy.

In addition to Elliott, Neil DeYoung, a Caucasian male dealer, was terminated for violating the rake policy seventeen times.  Another dealer, Joe Delgadillo, a sixty-three (63) year old dealer whose national origin was Mexico, committed two violations and was not terminated.  However, Delgadillo was later terminated which Delgadillo alleges was in retaliation for asserting his rights under the ADEA.  Finally, it appears undisputed that a fourth dealer under the age of forty (40), though not specifically identified by either party, violated the policy and was not terminated.

On April 24, 2009, Plaintiff filed the present complaint asserting claims for age, national origin, and gender discrimination and intentional infliction of emotional distress.  Defendant has moved for summary judgment on all of Plaintiff's discrimination and state law claims.

II.  Standard for Summary Judgment

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The moving party bears the initial burden of showing the absence of a genuine issue of material fact.  See Celotex, 477 U.S. at 323.  The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e).

All justifiable inferences must be viewed in the light must favorable to the nonmoving party.  See Matsushita, 475 U.S. at 587.  However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit

or other evidentiary materials as provided by Rule 56(e), showing there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  The court need only resolve factual issues of controversy in favor of the non-moving party where the facts specifically averred by that party contradict facts specifically averred by the movant.  See Lujan v. Nat'l Wildlife Fed'n., 497 U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment).  Evidence must be concrete and cannot rely on "mere speculation, conjecture, or fantasy. O.S.C. Corp. v. Apple Computer, Inc., 792 F.2d 1464, 1467 (9th Cir. 1986). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.  Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party. See Anderson, 477 U.S. at 248.

III.  Analysis

    A.  National Origin and Gender Discrimination

In opposition to Defendant's motion for summary judgment on these claims, Plaintiff has provided little or no evidence in response.  To state a prima facie case of disparate treatment, a plaintiff must show that (1) she belongs to a protected class, (2) she was performing according to her employer's legitimate expectations, (3) she suffered an adverse employment action, and (4) other employees with qualifications similar to her own were treated more favorably.  See Sischo-Nownejad v. Merced Cmty. Coll. Dist., 934 F.2d 1104, 1109 n. 7 (9th Cir. 1991); see also McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).  Once the plaintiff establishes a prima facie case, the burden then shifts to the defendant to articulate nondiscriminatory reasons for the allegedly discriminatory conduct.  See Sischo-Nownejad, 934 F.2d at 1109.  The employer's articulation of a

facially nondiscriminatory reason shifts the burden back to the plaintiff to show that the employer's reason was a pretext for discrimination. Id.

In this action, Plaintiff has met the low threshold of establishing a prima facie case. However, Defendant has articulated a nondiscriminatory reason, the raking violations, for Plaintiff's termination. Therefore, Elliott now bears the burden in demonstrating that Defendant's explanation of her termination is actually a pretext for discrimination. A plaintiff may meet the burden to show pretext using either direct or circumstantial evidence. See Coghlan v. American Seafoods Co. LLC, 413 F.3d 1090, 1094-95 (9th Cir. 2005). Direct evidence is evidence "which, if believed, proves the fact [of discriminatory animus] without inference or presumption." Godwin v. Hunt Wesson, Inc., 150 F.3d 1217, 1221 (9th Cir. 1998). Direct evidence typically consists of clearly sexist, racist or similarly discriminatory statements or actions by the employer. See Coghlan at 1095. There is no direct evidence of pretext in this case.

A plaintiff may prove pretext with indirect or circumstantial evidence that shows the employer's explanation is unworthy of credence. See Vasquez v. County of L.A., 349 F.3d 634, 641 (9th Cir. 2004). A showing that Palms treated similarly situated employees outside Elliott's protected class more favorably would be probative of pretext. See id. (citing Gerdom v. Cont'l Airlines, Inc., 692 F.2d 602, 609 (9th Cir. 1982)(en banc)). However, a showing that similarly situated employees outside the protected class were treated in a like manner to plaintiff "negat[es] any showing of pretext[.]" Snead v. Metro. Prop. & Cas. Ins. Co., 237 F.3d 1080, 1094 (9th Cir. 2001)(non-disabled employee laid off nearly contemporaneously with disabled employee). In this action, Plaintiff has failed to meet her burden in raising questions of fact about whether Defendant's asserted reason for Plaintiff's termination, the rake violations, are merely a pretext for actual gender or national origin discrimination. A similarly situated male, Caucasian employee was terminated for rake violations along with Plaintiff. Accordingly, the Court grants Defendant's motion for summary judgment on Plaintiff's claims for gender and national origin discrimination under Title VII of the Civil Rights Act.

B.  Age Discrimination

Defendant has also moved for summary judgment on Plaintiff's claim that she was terminated in violation of the Age Discrimination in Employment Act ("ADEA").  "Under the ADEA, employers may not 'fail or refuse to hire ... any individual [who is at least forty years old] or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.' " Enlow v. Salem-Keizer Yellow Cab Co., 389 F.3d 802, 811 (9th Cir. 2004) (quoting 29 U.S.C. § 623(a)(1)).  To establish an ADEA claim, a "plaintiff must prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the 'but-for' cause of the challenged employment decision." Gross v. FBL Fin. Servs., Inc., --- U.S. ----, 129 S.Ct. 2343, 2351, 174 L.Ed.2d 119 (2009).  Under "but-for" causation, a plaintiff must show that age was "the reason" for the adverse employment action; there is no ADEA liability for "mixed motive" employment actions.  See id. at 2350, 2352; Leibowitz v. Cornell Univ., 584 F.3d 487, 498 n.2 (2d Cir. 2009).  The burden of persuasion does not shift to the employer to show that it would have taken the action regardless of age.  See Gross, 129 S. Ct. at 2352. A plaintiff must demonstrate that: (1) she was a member of the class, individuals over the age of forty (40), protected by the ADEA; (2) she was otherwise qualified for her position; (3) she was discharged by defendant; and (4) similarly situated individuals outside the protected class were treated more favorably.  See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142 (2000).

Here, Plaintiff has raised a triable issue of fact about whether her age was the "but-for" cause of her termination. She was clearly a member of the protected class.  Until the circumstances leading to her termination, she had been otherwise qualified for and was performing her job requirements to the expectations of Palms.  Of the two employees terminated directly due to rake violations, both were in the protected class over the age of forty.  The one individual who was outside the protected class and violated the rake policy was not terminated.  Issues of fact surround the cause of termination of a third individual who violated the rake policy, but was not immediately terminated.

Accordingly, the Court denies Defendant's motion to dismiss Plaintiff's claim arising under the ADEA.[1]

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment (#18) is **GRANTED in part and DENIED in part**;

IT IS FURTHER ORDERED that Defendant's motion for summary judgment is **GRANTED** as to Plaintiff's claims for gender and national origin discrimination as well as any state law claims arising from gender or national origin discrimination;

IT IS FURTHER ORDERED that Defendant's motion is **DENIED** as to all other claims.

DATED this 15TH day of March 2011.

_____
Kent J. Dawson
United States District Judge

---

[1] Having found that issues of fact prevent the Court from granting summary judgment on Plaintiff's claim for violation of the ADEA, the Court finds that issues of fact prevent it from granting summary judgment on Plaintiff's claim for intentional infliction of emotional distress.